IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RAFAEL SOLER-MONTALVO**                                        **PLAINTIFF**

VS.                                        Civil Action No.    3:21cv259-SA-RP

**CORECIVIC, INC.**                                               **DEFENDANTS**
**AND JOHN AND JANE DOES 1-10**

                                                                                *__Jury Trial Demanded__*

**COMPLAINT**
*Jury Trial Demanded*

COMES NOW the Plaintiff, Rafael Soler, and in support of this, his Second Amended Complaint for damages against the Defendants and John and Jane Does 1-94, respectfully alleges the following:

**PARTIES**

1.      Plaintiff, Rafael Soler-Montalvo, ("Plaintiff") is an adult resident citizen of the United State territory of Puerto-Rico.

2.      Defendant, CoreCivic, Inc., (hereinafter "CC"), is a foreign corporation organized and existing in accordance with the laws of the State of Tennessee, with its principal place of business being located at 5501 Virginia Way, Brentwood, Tennessee 37027. It may be served with process by its registered agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.      John and Jane Does 1-10 (Defendants) are fictitious and unknown person or entities who may be responsible parties whose negligent acts caused or contributed to the Plaintiff's injuries. The identity of this party or the identities of these parties are unknown at this

1

time and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiff may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiff has sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this cause pursuant to pursuant to Title 28 U.S.C §1332 as the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in the United States District Court for the Southern District of Mississippi, Northern Division pursuant to Title 28 U.S.C §1391 as same is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

6. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

7. CC was awarded a contract by the Mississippi Department of Corrections in 2000 for the development and management of the Tallahatchie County Correctional Facility (hereinafter "TCCF").

8. On February 23, 2019, the Plaintiff, Rafael Soler-Montalvo, while a detainee on the premises of the Defendants located at Tallahatchie County Correctional Facility. 415 Highway 49 North, Tutwiler, MS, encountered a hazardous condition on said premises which caused him to lose his balance, fall and sustain bodily injuries. Specifically, the Plaintiff encountered a slippery condition on Defendants' premises which caused him to slip and fall and sustain bodily injuries.

9. Said fall caused the Plaintiff to sustain severe and permanent injuries.

## CAUSES OF ACTION

### Count I: Failure to Maintain Premises/Failure to Warn/Failure to Inspect

10. Plaintiff incorporates the preceding paragraphs as if full rewritten herein.

11. Defendant, at pertinent times alleged herein, was under a duty to exercise reasonable care to maintain its premises in a reasonably safe condition; refrain from creating hazardous conditions; remedy any and all hazardous conditions that it created or has notice thereof, and to warn of any hazardous conditions that it creates or share responsibility therefore.

12. Defendant, by and through its acts of negligence and/or the negligence of its employees for which it is vicariously liable, created the hazardous condition by failing to exercise reasonable care and failure to maintain the premises in a reasonably safe condition.

Moreover, Defendant failed to correct the hazardous condition upon actual or constructive knowledge thereof and failed to warn the Plaintiff of the hazardous condition.

13. Defendant was responsible for the maintenance of the premises yet failed to exercise reasonable care and/or maintain the premises in a reasonably safe condition or otherwise remedy the hazard.

14. Alternatively, the Defendant failed to conduct a reasonable inspection of the premises to ascertain the hazardous condition, and/or either knew or should have known of the hazardous condition and failed to remedy said hazardous condition.

### Count II: Negligence

15. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

16. Defendant, CoreCivic Inc, and all private actor Defendants, at pertinent times alleged herein, were under a duty to exercise reasonable care in the operation of the prison facility to ensure the safety of those under its charge.

17. Said Defendants breached this duty by failing to exercise reasonable care in the operation of the facility in question, failed to maintain the premises in a reasonably safe condition, failed to conduct reasonable inspections to ascertain said hazardous condition; and failing to otherwise remedy said hazardous condition despite actual or constructive notice thereof.

18. Said Defendants failed to maintain the facility in a reasonably safe condition or otherwise control the conditions which caused injury to the Plaintiff to include the following acts and omissions:

(a) Inadequate and improper planning and training, including but not limited to preventive response planning and training;

(b) Inadequate or improper procedures, policies and practices for identifying and taking appropriate remedial action to eliminate and/or remedy hazardous conditions;

(c) Failing to adequately staff TCCF with trained and qualified maintenance/physical plant personnel;

(d) Failing to supervise, monitor and comply with the contract entered into between the Defendant and the State of Mississippi;

### Count III: Inadequate Screening, Hiring, Staffing, Negligent Training & Supervision

19. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

20. Defendant CoreCivic Inc. and private actor Defendants were charged with the duty to properly and adequately screen, hire, staff, train, instruct, supervise and oversee its employees in the proper operation of the facility of in question

21. Defendant CoreCivic Inc. and private actor Defendants negligently, or grossly negligently, screened, hired, staffed, supervised and retained its employees, inter alia, by failing to properly staff, screen, review, select, hire, retain, discipline, and/or discharge its employees, agents, and/or representatives; and were otherwise negligent or grossly negligent in their maintenance of the premises, and as a direct and proximate result, the Plaintiff sustained the harms alleged herein.

22. Said Defendants' negligent failure to discharge its duties in these regards constitutes negligence and/or gross negligence and is a breach of the duty of reasonable care owed to the Plaintiff resulting in the aforementioned hazardous condition which proximately caused the occurrence as well as the Plaintiff's injuries and damages.

23. Defendants' breach of these duties was a proximate and contributing cause and/or concurrent cause of the incident and the resulting injuries to the Plaintiff.

## RESPONDEAT SUPERIOR

24. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

25. The Defendant, CoreCivic Inc., by and through its employees, acted with negligence, gross negligence allowed or negligently failed to exercise reasonable care and/or failed to maintain the premises in a reasonably safe condition. At all times relevant, each Defendant and/or Defendants' employees owed a duty to the Plaintiff to exercise reasonable care and maintain the premises in a reasonably safe condition, and the Defendants breached this duty. The actions and inactions of the Defendant led directly to the injuries sustained by the Plaintiff.

Defendant CoreCivic Inc as the employer is liable for actions or inactions that were undertaken by and through their employees during the course and scope of their employment for or on behalf of CC.

26. Defendant CoreCivic Inc. is also responsible for the actions and/or inactions alleged herein attributable to its employees which directly caused the damages sustained by the Plaintiff. Such actions and/or inactions by said individual Defendants were committed with the course and scope of their employment with Defendant CC.

## DAMAGES

27. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

28. As a further direct and proximate cause of Defendants' disregard for Plaintiff's safety and well being and other negligent acts, Plaintiff suffered serious bodily injuries, including but not limited to monetary damages. These damages include, but are not limited to the following:

    a. past, present and future medical expenses;

    b. past, present and future physical pain and suffering;

    c. future lost wages and loss of wage earning capacity;

    d. permanent disability;

    e. past, present and future mental and emotional distress;

    f. inconvenience and discomfort and

    g. any other relief, which the Court or jury deems just or appropriate based upon the circumstances.

## PUNITIVE DAMAGES

29. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

30. The acts and omissions of the Defendants described herein constitute a willful, wanton, grossly negligent conduct and reckless disregard for the safety of all TCCF inmates, including the Plaintiff, and such acts and omissions constitute gross negligence and evince a complete disregard for the safety of the Plaintiff that directly caused the Plaintiff's bodily injuries and other damages, for all of which the Defendants are liable for punitive damages and attorney's fees in an amount to be determined by the jury.

31. Based upon the Defendants' actions and inactions as aforesaid, the Defendants' actions warrant the imposition of punitive damages. Plaintiff seeks punitive damages and punitive damages should be assessed against the Defendants.

## **PRAYER FOR RELIEF**

Plaintiff requests jury trial and seeks the following relief:

A. Compensatory damages of from and against the Defendants, each and severally, in an amount to be determined by this Court.

B. Non-pecuniary damages of from and against the Defendants, each and severally, in an amount to be determined by this Court.

C. Punitive damages of from and against the Defendants in an amount to be determined by this Court.

D. Attorney's fees and all costs of court.

E. Pre and post judgment interest.

F. Such other general and special relief as appears reasonable and just in this cause.

    Respectfully submitted,

    RAFAEL SOLER-MONTALVO,
    PLAINTIFF

7

By:    s/Yancy B. Burns
        YANCY B. BURNS (MSB #99128)

OF COUNSEL:

YANCY B. BURNS, Esq. (MS BAR #99128)
***Burns & Associates, PLLC***
Post Office Box 16409
Jackson, Mississippi 39236-6409
Telephone (601) 487-6997
Facsimile (601) 487-6958
Email: yburns@burnsandassociateslaw.com